RECEIVED
USDC, CLERK GREENVILLE.

2026 MAR -5  AM 10: 47

**IN THE COURT OF COMMON PLEAS**

**THIRTEENTH JUDICIAL CIRCUIT**

**COUNTY OF GREENVILLE**

**STATE OF SOUTH CAROLINA**

**GREENVILLE DIVISION**

JEFF WITTERS and CARTISIEN LLC,

Plaintiffs,

v.

**ISTIFADAH FOR COMMUNICATIONS AND INFORMATION TECHNOLOGY, d/b/a "LVRGD"**

CR 1010793543 Riyadh, Kingdom of Saudi Arabia

FAISAL M. ALQAHTANI, and

JOHN DOE CORPORATIONS 1–5,

Defendants.

Civil Action No.: _____

---

**COMPLAINT**

**(Jury Trial Demanded)**

Plaintiffs Jeff Witters and Cartisien LLC, appearing pro se, allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to S.C. Code Ann. § 14-5-350 because the amount in controversy exceeds $7,500 and this action arises under South Carolina law.

2. Venue is proper in Greenville County pursuant to S.C. Code Ann. § 14-5-350 because Plaintiff resides in Greenville County, South Carolina, and a substantial part of the events giving rise to the claims occurred in this County.

3. This Court has personal jurisdiction over Defendants pursuant to South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, because Defendants purposefully directed their commercial activities toward the United States and the State of South Carolina.

4. Specifically, Defendants:

   a. Distributed the LVRGD mobile application through Apple Inc. and Google LLC, both United States-based corporations;

   b. Entered into developer agreements with U.S.-based platforms to commercially exploit the application in the United States;

   c. Made the application available for download to users in South Carolina and throughout the United States;

   d. Derived revenue and commercial benefit from U.S.-based distribution channels;

   e. Utilized U.S.-based hosting and digital infrastructure, including Apple, Google, and Framer; and

  f. Caused injury to a South Carolina resident arising from their failure to pay and continued unauthorized use of Plaintiff's copyrighted works.

5. Defendants' conduct constitutes purposeful availment of the privilege of conducting business in the United States and South Carolina, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

6. Defendants further subjected themselves to the jurisdiction of United States courts by filing a DMCA counter-notice pursuant to 17 U.S.C. § 512(g)(3) with Framer, Inc., a United States company headquartered in San Francisco, California, on or about March 1, 2026. In doing so, Defendants submitted a sworn declaration under penalty of perjury under the laws of the United States, constituting a voluntary invocation of United States federal law and an implicit submission to the jurisdiction of United States courts to adjudicate this dispute.

## II. PARTIES

7. Plaintiff Jeff Witters is an individual residing at 214 Hillside Church Rd, Fountain Inn, South Carolina 29644, and is the sole owner of Plaintiff Cartisien LLC.

8. Plaintiff Cartisien LLC is a South Carolina limited liability company with its principal place of business in Greenville County, South Carolina.

9. Defendant Istifadah for Communications and Information Technology is a Saudi Arabian entity doing business as LVRGD and Amplifidor, with a principal place of business in Riyadh, Saudi Arabia.

10. Defendant Faisal M. Alqahtani is the principal of the above entity and resides in Riyadh, Saudi Arabia.

11. Upon information and belief, Defendant Faisal M. Alqahtani exercised direct control over the operations of the corporate Defendant and personally directed, authorized, and/or approved the continued use of Plaintiff's deliverables after termination of the Agreement and without payment.

12. Defendants John Doe Corporations 1–5 are unknown entities affiliated with or successors to the named Defendants.

## III. FACTS

13. On May 8, 2025, Plaintiff and LVRGD Holding Limited (an entity affiliated with and/or controlled by Defendant Istifadah for Communications and Information Technology) entered into a written Contractor Agreement (Contract ID #9Y6GE0BA).

14. Under the Agreement, Plaintiff agreed to provide UX/UI design, product strategy, and related deliverables for the LVRGD mobile application and website.

15. Section 3.3 required payment of all undisputed invoices within 60 calendar days of receipt.

16. Section 10.2 permitted immediate termination for material breach incapable of cure, and Section 10.3 provided that all outstanding fees become immediately due upon such termination.

17. Plaintiff fully performed and delivered the contracted work.

18. Plaintiff issued Invoice #8027 ($11,028.75) and Invoice #8032 ($10,561.25), totaling $21,590.00.

19. The invoices remain unpaid more than seven months after issuance.

20. Each invoice contained the explicit condition:

"Intellectual property rights in all deliverables remain with Contractor until full payment is received, at which point ownership transfers to Client."

21. On September 6–10, 2025, Defendants constructively terminated the Agreement by:

    a. Downgrading Plaintiff's Figma access to viewer-only;

    b. Removing him from TestFlight and ClickUp;

    c. Disabling his Google Workspace account.

22. On September 16, 2025, Plaintiff sent written notice terminating the Agreement for material breach.

23. All outstanding fees became immediately due and payable.

24. Despite termination and non-payment, Defendants have continued to use Plaintiff's deliverables in the live LVRGD mobile application and on lvrgd.com.

25. No valid transfer of intellectual property rights occurred because full payment was never made.

## IV. CLAIMS FOR RELIEF

### Count 1 – Breach of Contract

26. Plaintiff realleges the preceding paragraphs.

27. Defendants breached the Agreement by failing to pay $21,590.00 within the required 60-day period.

28. Defendants further breached the Agreement by terminating Plaintiff's access while continuing to use the deliverables.

29. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in the amount of $21,590.00, plus interest.

## Count 2 – Declaratory Judgment (S.C. Code Ann. § 15-53-10 et seq.)

30. Plaintiff realleges the preceding paragraphs.

31. An actual controversy exists regarding ownership of the deliverables and the effect of termination.

32. Plaintiff seeks a declaration that:

    a.  The Agreement was validly terminated on September 16, 2025;

    b.  All outstanding fees became immediately due upon termination;

    c.  No valid transfer of intellectual property rights occurred because full payment was never received; and

    d.  Plaintiff remains the owner of the deliverables until full payment is made.

## Count 3 – Unjust Enrichment

33. Plaintiff realleges the preceding paragraphs.

34. In the alternative, should the Court determine the Agreement is unenforceable or otherwise invalid, Plaintiff pleads unjust enrichment.

35. Defendants knowingly received and retained the benefit of Plaintiff's work and deliverables.

36. It would be inequitable and unjust for Defendants to retain the benefit of Plaintiff's services without compensation.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiffs;

b. Award damages in the amount of $21,590.00;

c. Award pre-judgment and post-judgment interest;

d. Issue a declaratory judgment consistent with Count 2;

e. Award restitution under unjust enrichment if applicable;

f. Award costs of this action; and

g. Grant such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jeff Witters

Jeff Witters, pro se

Cartisien LLC

214 Hillside Church Rd,

Fountain Inn, South Carolina 29644

Telephone: 310-997-2198

Email: jeff@cartisien.com

Date: March 4, 2026